UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x

UNITED STATES OF AMERICA,               :

      -against-                         :         12 Cr. 50 (S-6) (CBA)

ANTHONY ROMANELLO, et al.,              :

      Defendants.                        :

--------------------------------------------------------x

**DEFENDANT ANTHONY ROMANELLO'S MEMORANDUM OF LAW IN SUPPORT OF HIS ORAL MOTION FOR SEVERANCE**

          Gerald J. McMahon, Esq.
          *Attorney for Defendant Romanello*
          The Standard Oil Building
          26 Broadway, 18th Floor
          New York, New York 10004

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x

UNITED STATES OF AMERICA,                 :

       -against-                                              :        12 Cr. 50 (S-6) (CBA)

ANTHONY ROMANELLO, et al.,           :

       Defendants.                                           :

--------------------------------------------------------x

**DEFENDANT ANTHONY ROMANELLO'S
MEMORANDUM OF LAW IN SUPPORT OF
HIS ORAL MOTION FOR SEVERANCE**

Introduction

This memorandum of law is submitted in support of defendant Anthony Romanello's motion, made in open court on May 18, 2012, for severance pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure.

**ARGUMENT**

Rule 14(a) of the Federal Rules of Criminal Procedures provides, in relevant part, that "if the joinder of offenses or defendants in an indictment ... appears to prejudice a defendant ... the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." *United States v. Mahaffy,* 446 F. Supp.2d 115, 120-21 (E.D.N.Y. 2006). A trial court has almost "unlimited discretion" under Rule 14 to determine whether sufficient prejudice exists to warrant severance." *United States v. Gallo*, 668 F.Supp. 736, 748 (E.D.N.Y. 1987) (citations omitted).

Assessment of a risk of prejudice is a fact-specific inquiry which depends on the circumstances of each case. *United States v. Locascio,* 357 F.Supp. 2d 536, 543 (E.D.N.Y.2004), citing *Zafiro v. United States*, 506 U.S. 534, 539 (1993). Courts have cited numerous factors which must be considered in determining whether the prejudice of a joint trial rises to the level of justifying severance, including: the number of defendants and the number of counts; the complexity of the indictment; the estimated length of the trial; disparities in the amount or type of proof offered against the defendants; disparities in the degrees of involvement by defendants in the overall scheme; possible conflict between various defense theories or trial strategies; and, especially, prejudice from evidence admitted only against co-defendants but which is inadmissible or excluded as to a particular defendant. *Locascio,* 357 F.Supp.2d at 543 (citing *Gallo*, 668 F.Supp. at 749). Ultimately, the court must determine "whether the jury would be 'reasonably able' to consider the evidence as to each defendant separately, independent of the evidence against his or her co-conspirators."

2

*Gallo*, 668 F.Supp. at 749.

The original indictment in this case was filed on January 18, 2012 and charged six alleged members and associates of the Bonanno organized crime family with a variety of crimes including conspiracy, Hobbs Act extortion and extortionate collection of credit. By mid-April, 2012, five of the six original defendants had pled guilty, leaving only alleged Bonanno capo Nicholas Santora. On April 13, 2012, this Court scheduled jury selection for May 7, 2012 and set May 14, 2012 as the date for the commencement of trial. On April 26, 2012, eleven days before the jury was to be selected, the government filed the fifth superseding indictment, adding Anthony Romanello as a defendant charged with two discrete substantive counts arising out of the same extortionate collection of credit incident.

The current indictment (S-6) charges Mr. Romanello, an alleged Genovese acting captain, with those two substantive counts. Co-defendant Santora is charged with seven counts, including RICO conspiracy, with the enterprise being the Bonanno organized crime family. Because mafia RICO prosecutions always involve the introduction of extensive enterprise evidence, it is clear that defendant Romanello will be prejudiced by the government's introduction of evidence seeking to establish that the Bonanno crime family is an enterprise and that Santora is a capo in that family. In the context of this case, therefore, Romanello is a minor or peripheral defendant. See generally *United States v. Sampol*, 636 F.2d 621, 645 (D.C. Cir.1980), discussing *United States v. Mardian*, 546 F.2d 973 (D.C. Cir.1976) (defendant's motion for severance was granted where the defendant was alleged to have been involved in only 5 of the 45 overt acts and was not alleged to have been involved

in any activity during the last two years of the conspiracy).

Courts in this Circuit have recognized that "the gradual accumulation of evidence against the principal members of a conspiracy.. .may in some cases infect a jury's evaluation of the evidence against minor participants." *United States v. Bin Laden*, 109 F.Supp.2d 211, 219 (S.D.N.Y. 2000) (citing *United States v. Gilbert*, 504 F.Supp. 565, 566 (S.D.N.Y.) citing *United States v. Kelly*, 349 F.2d 720 (2d Cir. 1965)). This risk has been explained as follows:

> Prejudice is particularly likely to occur in respect of defendants "who are charged in only a few of the many counts' and 'who are involved in only a small proportion of the evidence,' *so that the jury is subjected to weeks of trial dealing with dozens of incidents of criminal misconduct which do not involve (them) in any way, " and "(a)s trial days go by, 'the mounting proof of the guilt of one is likely to affect another.'"*

*Gilbert*, 504 F.Supp. at 566 (citations omitted) (emphasis added).

While we recognize that this is not a ten defendant case with a hundred counts in the indictment, the fact remains that, from the original indictment to S-4, it was a Bonanno family accusatory instrument. Mr. Romanello, who has no affiliation with the Bonanno family, was not added as a defendant until a few weeks ago.

Based on the foregoing facts, this Court should sever Mr. Romanello and proceed to trial as scheduled with the co-defendant in early July.

4

## CONCLUSION

Defendant Anthony Romanello's motion for severance under Rule 14 should be granted.

Dated: New York, New York
       May 24, 2012

                                        /s/   *Gerald J. McMahon*
                                        Gerald J. McMahon
                                        *Attorney for Defendant Anthony Romanello*
                                        The Standard Oil Building
                                        26 Broadway, 18th Floor
                                        New York, New York 10004
                                        212.797.1877
                                        gm@geraldjmcmahon.com

cc: All Counsel
    (By ECF)

doc194

5