

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JD/AHT
F.#2011R02050

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

August 1, 2012

By Hand Delivery and ECF

The Honorable Carol B. Amon
Chief United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:  United States v. Anthony Romanello
            Criminal Dkt. No. 12-050 (S-6) (CBA)

Dear Chief Judge Amon:

    The government respectfully writes to provide the Court with the minutes from proceedings held in United States v. Romanello, 10 CR 929 (ILG), which are relevant to motions currently pending in the above-captioned case.

    In the instant matter, the government has moved in limine to preclude cross-examination of a cooperating witness at trial with regard to incidents that are inadmissible under Rule 608(b) of the Federal Rules of Evidence (Docket Entry 188) and to preclude the defendant from introducing any arguments or evidence at trial regarding the government's alleged motives in prosecuting this case (Docket Entry 182).  Similar motions in limine were made by the government in the case before Judge Glasser.  During the November 28, 2011 status conference, Judge Glasser stated the following with respect to the government's motion to preclude any argument regarding its motives in prosecuting the case:

> Let me dispose of one of the motions in limine
> that came in this morning which I think requires
> no great discussion, and that's the motion to
> preclude you from observing in your opening

> statement or summation or your examination of any
> witness that the government's motivation was to
> in any way punish your client.  So, I am granting
> that motion, [Counsel].  The law with respect
> to that is pretty clear, although I suppose I
> suppose I should have given you an opportunity to
> say something.

See Exhibit A, pp. 2-3.  Nonetheless, Judge Glasser afforded defense counsel an opportunity to respond to the government's motion in writing.  Subsequently, during a status conference on December 29, 2011, Judge Glasser stated the following:

> I think we will deal with the government's motion
> to preclude you from jury nullification and the
> rest of it.
>
> [. . .]
>
> I have serious doubt, [Counsel], that I will
> permit you to even put your foot into that pond.

See Exhibit B, pp. 13-15.

With respect to the government's motion to preclude cross-examination of a cooperating witness, during a status conference on January 4, 2012, Judge Glasser stated:

> [Defense Counsel] is intimately familiar,
> although he sometimes forgets, with Rule 608
> and matters which have some relevance for truth
> and he understands that an arrest and things of
> that sort have no relationship to truth telling
> so they are not appropriate cross-examination.
> He knows all that.  He knows it very well. He
> forgets it sometimes but he knows it very well.

See Exhibit C, pp. 14-15.  Oral argument was subsequently held on the government's motion to preclude cross examination, but the

3

issue was not ruled upon prior to the defendant's guilty plea on January 10, 2012.

                              Respectfully Submitted,

                              LORETTA E. LYNCH
                              UNITED STATES ATTORNEY

                    By:    /s/_____
                              Jack Dennehy
                              Amir H. Toossi
                              Assistant U.S. Attorneys

cc:  Gerald McMahon, Esq. (via email)
     Matthew Mari, Esq. (via email)
     Clerk of the Court (CBA) (without attachments)